Mr. Justice GRIER
delivered the opinion of the court:
The title of Chaves is found among the archives. Its authenticity was not disputed before the commissioners or the District Court; but in this court the objection is first made that the handwriting of the public officers was proved, whereas the governor and secretary should have been called as the proper witnesses to authenticate their own acts.
In taking objections to these Mexican grants, it ought to *329 be remembered that the case is not brought here on a writ of error with a bill of exceptions to the admission of every item of testimony offered and received below. Nor is it a part of the duty of counsel representing the government to urge microscopic objections against an honest claimant, and urge the forfeiture of his property for some oversight of the commissioners, in not requiring proof according to the strict rules of common law. When there is any just suspicion of fraud or forgery the defence should be made below, and the evidence to support the charge should appear on the record. If testimony of witnesses is alleged to be unworthy of belief, the record should show some reason to justify the court in rejecting it. The former opinions of this court may be referred to in questions of law, but cannot be quoted as evidence of the character of living witnesses.
On the 2d of June, 1845, Antonio Chaves petitioned the governor for the grant of a place called Pleyto, containing three leagues, a little more or a little less. The record docs not show the usual reference for information. But the grant by Pio Pico, dated 18th July, 1845, recites that “the necessary steps and investigations were previouly taken and made in conformity with the requirements of laws and regulations.” On the 8th of May, 1846, “ this espediente was laid before the Departmental Assembly, and was ordered to be referred to the Committee on Vacant Lands.” The committee recommended “ that the present espediente be remitted to the authorities of that jurisdiction to be reported on, and to the person in charge of San Antonio, in order that he may say in what condition the town was at the time the grant was made, so that it may be valued, and that community be indemnified to avoid questions relative to the espediente, to the end that after these proceedings are concluded the respective approval may be given.” As this Assembly was soon after finally dissolved, nothing further appeai-s to have been done. There is evidence that Chaves was in the occupancy of the land granted.
We have frequently decided that the want of approval by the Departmental Assembly will not affect the validity of the *330 grant. In this c.ase the approval is not denied, but the question suspended.
Although some of the grants purporting to be made by Pio Pico, in the spring of 1846, shortly before his expulsion, have been shown to have been executed after that time, there is no evidence in this case to justify the court in deciding that this grant is not authentic.
Decree affirmed